UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL WEBSTER WRIGHT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. LEWIS, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-260-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a state prisoner proceeding without counsel in a civil action. On February 12, 2019, the court screened plaintiff's amended complaint. ECF No. 21. The court determined, in relevant part, that plaintiff had stated a viable claim under the Americans with Disabilities Act and Rehabilitation Act "against the California Department of Corrections, California State Prison-Sacramento, and its 'Reasonable Accommodations Panel' for refusing him single-cell status." *Id.* at 2. Defendant California Department of Corrections and Rehabilitation ("CDCR") filed an answer on September 13, 2019. ECF No. 28. However, the United States Marshal was unable to effect service of process on defendants California State Prison, Sacramento ("CSP, Sac") and the CSP-Sac Reasonable Accommodations Panel ("RAP"). ECF Nos. 37, 39. The unexecuted summonses state that per the Office of the Attorney General, these are "non-entities," which they

/////

/////

1 cannot represent. *Id.* The answer filed on behalf the CDCR points out that neither the RAP (a
2 committee made up of healthcare providers and custody staff) nor the CSP-SAC (a prison facility
3 operated by the CDCR under California Penal Code sections 5000, 5003) are separate legal
4 entities capable of being sued. Thus, taking plaintiff's allegations as true, the alleged conduct
5 giving rise to his claims under the Americans with Disabilities Act and Rehabilitation Act is
6 attributable to employees or officers acting under the authority of CDCR.

7 Specifically, as plaintiff's complaint concedes, CSP-Sac is a CDCR prison and the RAP is
8 comprised of various CDCR "health care providers and custody staff." ECF No. 20 at 2, ¶ 6. For
9 that reason, the inclusion of CSP-Sac and the RAP as named defendants is unnecessary and
10 duplicative of defendant CDCR. *See Applegate v. CCI*, No. 1:16-cv-1343-MJS, 2017 U.S. Dist.
11 LEXIS 63428, at *6-7 (E.D. Cal. Apr. 26, 2017) ("CDCR cannot escape liability or limit
12 plaintiff's relief merely by contending that the conduct is limited to a specific prison or
13 department."). Indeed, the court can discern no advantage to plaintiff of proceeding against CSP-
14 Sac or the RAP, in addition to CDCR. *See id.* Rather than directing plaintiff to submit new
15 information about how to effect service of process on CSP-Sac and the RAP, components of the
16 CDCR which are not separate entities capable of being sued, the court recommends that these
17 named defendants be dismissed. 28 U.S.C. § 1915A(b) (The court must dismiss any portion of
18 the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be
19 granted," or "seeks monetary relief from a defendant who is immune from such relief.") .

20 Accordingly, it is RECOMMENDED that defendants CSP-Sac and the Reasonable
21 Accommodations Panel be dismissed.

22 These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
24 after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties. Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
27 /////
28 /////

2

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.
2 Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: July 8, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE