UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL WEBSTER WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>J. LEWIS, et al.,<br><br>Defendants. | No.  2:17-cv-260-KJM-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Now pending is defendant P. Sahota's ("defendant") motion to compel wherein he argues that plaintiff has failed to respond to interrogatories, requests for production, and requests for admission which were served on him on April 17, 2020 (and which were due on May 20, 2020).  ECF No. 43 at 3.  Plaintiff has filed a combined opposition and request for appointment of counsel (ECF No. 47) and defendant has filed a reply (ECF No. 49).

Legal Standards

Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("objections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable").  A responding party is typically not required to conduct extensive

research in order to answer an interrogatory, but reasonable efforts to respond must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

## Analysis

In his opposition, plaintiff acknowledges that he did not submit timely responses to defendant's discovery requests. ECF No. 47. He claims, however, that due to his level of education (described as a third or fourth grade reading level) he does not "know what to do and how to do it." *Id.* at 1. He states that other inmates have previously helped him file both grievances and court pleadings – though he does not explain why such assistance is no longer possible. *Id.* He requests that the court appoint counsel and deny defendant's motion. *Id.* at 2.

In his reply, defendant argues that plaintiff is an experienced litigant – having filed at least two federal complaints in the past (*Wright v. Swingle*, No. 2:11-cv-01792-DAD and *Wright v. Fields*, 2:15-cv-02291-KJM-EFB). Further, he correctly notes that responses to the propounded discovery do not require specialized legal knowledge or advanced reading comprehension. ECF No. 49 at 2.

The court finds that appointment of counsel for plaintiff is unwarranted at this time. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case. Having reviewed the pleadings filed by plaintiff in this case, the court concludes that he remains capable of

representing himself.  The court is not unsympathetic to the challenges faced by prisoners in litigating their rights, but it cannot, practically speaking, appoint counsel to all prisoners who request it – even if it would undoubtedly benefit their case.  Moreover, the discovery at issue here is not especially complex and the background of the case is obviously known to the plaintiff.  Thus, the court will grant defendant's motion in part.  It will compel plaintiff to respond to all the outstanding discovery within thirty days from the date of service of this order.  If he fails to do so, sanctions will be recommended – up to and including dismissal of his claims against the defendant.  The court declines, however, in light of plaintiff's pro se status and lack of facility with the law, to deem all of defendant's requests for admission admitted at this time.

## Conclusion

Based on the foregoing, it is ORDERED that:

1. Defendant Sahota's motion to compel is GRANTED in part as described *supra* (ECF No. 43);

2. Plaintiff shall answer all outstanding discovery propounded by Sahota within thirty days from the date of service of this order; and

3. Plaintiff's motion for appointment of counsel (ECF No. 47) is DENIED.

DATED:   August 4, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3